**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4255**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHRIS KETRON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:01-cr-00058-jpj-1)

_____

Submitted:  January 19, 2012          Decided:  February 16, 2012

_____

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chris Ketron appeals the district court's judgment revoking his supervised release and sentencing him to 42 months in prison. On appeal, he contends that the district court lacked authority to revoke his supervised release based on his last three violations, which involved conduct occurring after the scheduled expiration date; the district court plainly erred in finding his first two violations were Grade A violations and his original offense was a Class A felony; we should create a stronger level of appellate review than "plainly unreasonable"; his sentence should be lower based on his cooperation; and the district court's explanation was inadequate. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Challenges to a district court's authority are matters of law reviewed de novo. United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011). Procedural sentencing claims and other specific claims of sentencing error raised for the first time on appeal are reviewed for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), cert. denied, 132 S. Ct. 292 (2011); United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a

3

revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in revoking Ketron's supervised release, and his sentence is reasonable. First, we conclude that the district court had authority to revoke Ketron's term of supervised release based on conduct occurring after its scheduled expiration date because he absconded from supervision and the warrant issued prior to the end of the term. See 18 U.S.C. § 3583(i) (2006); United States v. Buchanan, 638 F.3d 448, 457-58 (4th Cir. 2011).

Next, we conclude that Ketron has failed to show that the district court plainly erred in finding his five violations included conduct that constituted a Grade A violation under U.S. Sentencing Guidelines Manual § 7B1.1(a)(1) (2010). We likewise conclude that the district court did not plainly err in finding that his original 18 U.S.C. § 924(c) (2000) offense was a Class A felony. See 18 U.S.C. § 3559(a)(1) (2006); United States v. Turner, 389 F.3d 111, 120 (4th Cir. 2004); United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002).

Finally, we conclude that Ketron's sentence is both procedurally and substantively reasonable. The district court granted his request for a sentence below his Guidelines range of 51 to 63 months based on his cooperation with state authorities,

4

but found he had failed to cooperate in his supervision and that a significant sentence was required based on his failure to conform his conduct to the law and abide by his supervised release conditions, to reflect his history, to protect the public, and to provide an adequate deterrent to crime.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED